[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 76
The plaintiff wife, 38, and the defendant husband, 42, married on July 23, 1976 in Macedonia, Kommina, Greece. The defendant had been a resident in the U.S.A. prior to the marriage. The plaintiff came to this country in August, 1976.
Three children were born to the parties, Kaye dob May 19, 1977; Vicki dob February 9, 1979 and John dob July 9, 1981.
The defendant worked as a machinist from 1977 to 1987. As a business owner, the defendant ran a delicatessen and was a short order cook. The plaintiff has been employed as a clerk by Stew Leonard's in Norwalk for over eleven years, currently earning a gross weekly income of $501.00 and, after mandatory deductions, a net of $353.00 weekly.
Through their joint efforts, the parties purchased a home. The defendant engaged in several businesses with the plaintiff's approval. Unfortunately, none of his ventures met with success. The mortgage on their home went into default and the home was foreclosed.
The parties separated in October, 1994 when this action was commenced. In 1995, they declared bankruptcy. The parties have divided their items of personal property except for a necklace, given to her by her mother, that the plaintiff asserts is retained by the defendant.
On March 13, 1995 the court (Ryan, J.) ordered $75.00 weekly alimony payable to the plaintiff by the defendant and weekly child support of $225.00 payable to the plaintiff by the defendant for the children who were still all minors.
Three days after the order was entered all three children came to live with the father where they remained until the time of trial.
On March 24, 1995 the plaintiff filed "Motion For Referral To Family Relations For Custody Study and Evaluation" which was granted on April 3, 1995. In the motion the plaintiff alleged, inter alia:
4. Subsequent to the Defendant, George CT Page 77 Tsahirides leaving the residence and being ordered to pay child support and alimony, the minor children left the Plaintiff's residence and purportedly went to the residence of the Father."
For the past 18 months prior to trial the plaintiff has been living in a one bedroom apartment for which she pays $550.00 rent monthly including heat and utilities.
Although the plaintiff's claims for relief reference a mediation report and agreement, the report was not marked as an exhibit and is not before the court.
The defendant's employment was terminated in July, 1997. He has been collecting $353.00 weekly unemployment compensation. He is disputing his discharge from his employment. The defendant lives in a house owned by his father that contains several apartments, including room to accommodate his three children.
The principal issue in dispute is the unpaid child support that was characterized at the start of trial as $300.00 weekly and now claimed to be $38,400.00.
This issue was addressed in Goold v. Goold,11 Conn. App. 268. The mother in Goold was awarded custody of the parties' three children as part of a separation agreement incorporated in the dissolution decree. Subsequently, they agreed it was in the best interests for their son Geoffrey to live with his father while he attended a private school. This situation continued for two years until the mother moved to have the father held in contempt for failing to pay the correct amount of child support.
That case is distinguishable on its facts. The mother retained physical custody of the other two minors, maintained a bedroom for Geoffrey at her house, continued to purchase clothing for him, and the boy spent weekends and went on vacation with her. In the present case, the plaintiff's living quarters are such that she cannot accommodate even one minor child. The plaintiff failed to demonstrate how she continued to have expenses relating to the support of the minors after they moved to the defendant's house.
At p. 272-273 the Goold court reviews the "considerable conflicts" existing among the states on the issue of credit for the amounts expended during the shift of custody. CT Page 78
About two years ago, Vicki was diagnosed as having cancer. Over a period of six months she had multiple admissions to Norwalk Hospital and New Haven Hospital. The defendant attended her on a daily basis, and paid for many medical and pharmacy costs not covered by the Oxford Health Plan the plaintiff had through her employer.
The defendant furnished the minors with shelter, food and the ordinary necessities of unemancipated minor children. The plaintiff not only did not provide "in kind" care or support for the minors but, unlike Goold, was not prepared to do so. This court concludes that this case has compelling circumstances that require equitable relief Id., p. 274. This court declines to enforce the pendente child support order because the defendant's "in kind" support of the minors exceeds the child support order. To enforce the order would work a grave injustice.
The defendant is liable for the pendente alimony order of $75.00 weekly for the period March 13, 1995 to the date of judgment calculated to be 150 weeks, a total of $11,250.00.
Having considered the evidence, the credibility of the witnesses, the statutory criteria, and the relevant case law, the court enters judgment dissolving the marriage and the following orders.
1. Custody of the minor child John is awarded to the defendant with reasonable visitation given to the plaintiff.
2. Child support is ordered payable by plaintiff to the defendant based on plaintiff's net of $353.00 and defendant's net of $353.00 for an order of $88.00 weekly. A contingent wage withholding order is entered.
3. The plaintiff shall continue to insure the minor son via her employer's plan. The provisions of § 46b-84 (d) are applicable to this order.
4. The plaintiff shall pay $1.00 per year periodic alimony to the defendant until the death of either party, the defendant's remarriage or further court order.
5. The defendant shall pay $1.00 per year periodic alimony to the plaintiff until the death of either party, the plaintiff's CT Page 79 remarriage or further court order.
6. The $11,250.00 accrued pendente lite alimony due the plaintiff shall be paid at the rate of $88.00 weekly without accrual of interest, until paid in full.
7. The plaintiff shall continue to possess as her sole property all that is currently in her possession.
8. The defendant shall continue to possess as his sole property all that is currently in his possession, except he shall deliver the plaintiff's necklace to her if in his possession. If it is no longer in his possession, the defendant shall pay the plaintiff $600.00 in lieu of delivery of the necklace. Payment shall be made on or before July 1, 1998.
9. The plaintiff shall be solely responsible for any debts she has incurred.
10. The defendant shall be solely responsible for any debts he has incurred.
Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, J.